11-991-cr
U.S. v. Olsen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

Present:
 JOHN M. WALKER, JR.,
 ROBERT A. KATZMANN,
 PETER W. HALL,
  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

 *Appellee*,

 v.                                          No.  11-991-cr

MICHAEL L. OLSEN,

 *Defendant-Appellant*.

_____

For Defendant-Appellant:     Georgia J. Hinde, New York, N.Y.

For Appellee:                Joseph R. Perella (Paul Van De Graaf, *on the brief*) Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Michael Olsen appeals from a judgment of conviction entered on March 11, 2011 by the United States District Court for the District of Vermont (Sessions, *J.*). On September 23, 2010, Olsen pled guilty to multiple counts of distributing cocaine, money laundering, and obtaining confidential phone records without authorization. On March 4, 2011, the district court sentenced Olsen principally to 235 months of imprisonment. Olsen appeals from this sentence, arguing that the district court applied a two-level obstruction of justice enhancement based on unreliable evidence. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"[I]n determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, [this Court] . . . follow[s] an either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006) (internal quotation marks omitted). Because Olsen argues that the evidence did not support the district court's factual determinations, we review only for clear error. "Clear error exists when we are left with the definite and firm conviction that a mistake has been committed." *United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011) (internal quotation marks and alterations omitted). "Factual findings based on the testimony and observation of witnesses are entitled to particular deference, since assessing the credibility of witnesses is distinctly the province of the district court." *United*

*States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks and citation omitted).

An obstruction of justice enhancement is warranted "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Examples of such conduct include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1 cmt. n.4(A).

Here, the evidence amply showed that Olsen threatened, intimidated, and otherwise attempted to influence multiple witnesses. Considering one of the three examples the district court found significant, the evidence showed that Olsen (1) accessed the phone records of a DEA agent without permission, (2) used those records to identify a cooperating witness, (3) convened a meeting with his co-conspirators, and (4) instructed one co-conspirator to ensure that the cooperating witness did not show up in court. While Olsen disparages the credibility of the Government's witnesses, the minor inconsistencies in testimony on which Olsen relies do not support a finding of clear error, particularly given the substantial deference we afford the district court regarding questions of credibility.

The district court also found that Olsen had instructed a co-conspirator not to provide information to law enforcement and told a co-defendant to "keep his mouth shut" while that co-defendant was in prison. Each of these actions, as well as Olsen's decision to order a co-conspirator to prevent a cooperating witness from testifying, would alone warrant the application of the obstruction of justice enhancement. *See United States v. Agudelo*, 414 F.3d 345, 351-52

3

(2d Cir. 2005) (upholding application of the obstruction of justice enhancement where defendant threatened to frame a co-conspirator for kidnapping if he testified); *see also United States v. Gaskin*, 364 F.3d 438, 465-66 (2d Cir. 2004) (sustaining application of the obstruction of justice enhancement where defendant told a potential witness that he planned to kill another potential witness, and the district court determined that this statement was intended to ensure the listener's silence). Combined, Olsen's actions clearly provide a solid foundation on which such an enhancement may rest.

Neither do Olsen's other arguments indicate that the district court erred. While Olsen contends that identifying a cooperating witness's phone number from confidential records does not constitute a "substantial step" toward obstruction, *see United States v. Shoulberg*, 895 F.2d 882, 885 (2d Cir. 1990), he ignores the evidence that indicates that he further ordered a co-conspirator to intimidate the cooperating witness. Similarly, although Olsen claims that the fact that he instructed his ex-girlfriend to cooperate with authorities rebuts any inference that he intended to intimidate other witnesses, the district court was not compelled to believe, despite the evidence to the contrary, that Olsen adopted the same approach toward all cooperating witnesses, including the one with whom he had an intimate relationship. Thus, Olsen has not shown that the district court clearly erred when it found that he had attempted to unlawfully influence a witness, and we uphold the application of the two-level obstruction of justice enhancement.

We have considered Olsen's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4